UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

EDUARDO PERCIVAL,

    Plaintiff,

vs.

M.A.A.K PARTNERS, LLC.,
AMIT PATEL, ABRAHAM SUTTON,
MARC-ANTHONY DESILVA,
and KENNETH LEVIEN,

    Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, EDUARDO PERCIVAL, through counsel, sues Defendants, M.A.A.K PARTNERS, LLC., AMIT PATEL, ABRAHAM SUTTON, MARC-ANTHONY DESILVA, and KENNETH LEVIEN, and alleges as follows:

1. This is an action for damages and equitable relief within the jurisdiction of this court. The Court also has supplemental jurisdiction over the pendent state claim pursuant to 28 U.S.C. 1367.

2. Plaintiff resides in Florida and is a past employee of Defendants.

3. During Plaintiff's employment with Defendants, Plaintiff engaged in interstate commerce on a regular and recurring basis.

4. Defendant, M.A.A.K PARTNERS, LLC., is a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of restaurant management, at all times material hereto was the "Employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along

with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. Defendant, AMIT PATEL, is a resident of Broward County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, M.A.A.K PARTNERS, LLC.; said Defendant acted and acts directly in the interests of the Defendant, M.A.A.K PARTNERS, LLC., in relation to said co-Defendant's employees. Defendant effectively dominates M.A.A.K PARTNERS, LLC. administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, AMIT PATEL was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

6. Defendant, ABRAHAM SUTTON, is a resident of Broward County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, M.A.A.K PARTNERS, LLC.; said Defendant acted and acts directly in the interests of the Defendant, M.A.A.K PARTNERS, LLC., in relation to said co-Defendant's employees. Defendant effectively dominates M.A.A.K PARTNERS, LLC. administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, ABRAHAM SUTTON was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

7. Defendant, MARC-ANTHONY DESILVA, is a resident of Miami-Dade County, Florida and was, and now is, the managing agent, director and/or owner of

Defendant, M.A.A.K PARTNERS, LLC.; said Defendant acted and acts directly in the interests of the Defendant, M.A.A.K PARTNERS, LLC., in relation to said co-Defendant's employees. Defendant effectively dominates M.A.A.K PARTNERS, LLC. administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, MARC-ANTHONY DESILVA was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

8. Defendant, KENNETH LEVIEN, is a resident of Broward County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, M.A.A.K PARTNERS, LLC.; said Defendant acted and acts directly in the interests of the Defendant, M.A.A.K PARTNERS, LLC., in relation to said co-Defendant's employees. Defendant effectively dominates M.A.A.K PARTNERS, LLC. administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, KENNETH LEVIEN was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

9. In justifiable reliance upon Defendants' representations and promises, Plaintiff accepted employment and began working for Defendants as a head chef and kitchen manager.

10. During part of Plaintiff's employment (specifically from about 7/20/10 through about 4/22/11), Plaintiff accrued approximately $6,079.25 in damages. See Exhibit "A."

11. Despite Plaintiff's continued demand for payment, Defendants have knowingly and willfully refused to tender payment and to date Defendants have failed to pay Plaintiff the legally owed wages.

12. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

13. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA") ALL DEFENDANTS

14. Plaintiff reavers and realleges paragraphs 1-13 herein.

15. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

16. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

## COUNT II
## BREACH OF CONTRACT AND FAILURE TO PAY WAGES
## M.A.A.K PARTNERS, LLC.

17. Plaintiff reavers and realleges paragraphs 1-13 herein.

18. Plaintiff entered into an oral contract for wages with Defendant at weekly rate of pay of $550.00.

19. Plaintiff worked for Defendant and did not receive the compensation promised. Defendant, therefore, wrongfully deprived Plaintiff of wages that were due and owing and to which Plaintiff is lawfully entitled under an oral contract for wages with Defendant.

20. Plaintiff has been damaged as a result of Defendant's failure to pay the agreed upon wages.

21. Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to the costs of this action and reasonable attorney's fees.

WHEREFORE, Plaintiff demands judgment against Defendant for the unpaid wages that are due and owing, prejudgment interest, reasonable attorneys' fees and costs incurred in this action and any and all further relief this Court deems just and appropriate.

Respectfully submitted,

Loren Law Group
320 South State Road 7
Suite 300
Plantation, FL 33317
Phone:       (954)585-4878
Facsimile:   (954)585-4886
E-Mail:      JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Bar No.: 55409